UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Trustees of the
OPERATING ENGINEERS LOCAL 324
HEALTH CARE PLAN, et al.

        Plaintiffs,                      Case No. 1:21-cv-11624

v.                                      Honorable Thomas L. Ludington
                                            United States District Judge

GRADE-RITE EXCAVATING LLC,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GRADE-RITE EXCAVATING LLC**

This matter having come before this Court upon Plaintiffs' Motion for Default Judgment Against Defendant Grade-Rite Excavating LLC, ECF No. 20, and Plaintiffs' Brief in Support of its Motion for Default Judgment Against Defendant Grade-Rite Excavating LLC, and this Court having found that:

    1.    On July 14, 2021, Plaintiffs brought this action under 29 U.S.C. §1104(a)(1)(A), 29 U.S.C. §1109(a) and Michigan Compile Laws § 570.151 *et seq*. for Defendant's failure to pay fringe-benefit contributions under a collective bargaining agreement, for Defendant breaching its fiduciary duties, and to compel Defendant to pay unpaid contributions plus all costs, liquidated damages, interest, and attorney's fees incurred in bringing and prosecuting this action, and all additional amounts to which Plaintiffs are entitled under ERISA and Plaintiffs' plan documents. *See generally* ECF No. 1.

    2.    Under the terms of Agreements, Defendant Grade-Rite was and is obligated to submit its books and records to the Funds for periodic inspection and audit.

3. Plaintiffs could not determine the exact amount of Defendant Grade-Rite's indebtedness for the period of November 2019 to the present until Defendant Grade-Rite submits its complete books and records for inspection and audit.

4. Plaintiffs established rules and regulations with regard to the collection of delinquent contributions and other amounts, memorialized in a Collection Policy.

5. The Collection Policy provides that:

> If the Funds incur expenses to collect delinquent contributions or liquidated damages, obtain an audit or otherwise enforce an Employer's obligations, the Employer shall pay interest on unpaid contributions from the dates the contributions were due to the date they are paid. The Employer shall also pay, if requested by the Funds, interest on attorney's fees and costs from the dates they are incurred and interest on liquidated damages on untimely paid contributions from the dates the contributions are paid. The Employer's obligation to pay interest under the Funds' policies is independent of any statutory obligation to pay interest. The rate of interest used by the Funds shall be twelve percent annually, both for obligations stated above and for interest awarded under 29 U. S. C. § 1132.

6. The Collection Policy also requires that delinquent employers shall pay attorneys' fees and costs.

7. Plaintiffs incurred $3,986.00 in attorney's fees and $476.76 in costs through December 31, 2021.

8. The attorney's fees of $3,986.00 were incurred based on 21.2 hours of work in the recovery of contributions owed to Plaintiffs, including fees and costs associated with confirming the amounts due, making demands for payment to Defendant and filing this litigation

9. The rates charged by counsel for Plaintiffs are consistent with the market rate in the community for similar services by lawyers with reasonable comparable skill, experience, and reputation.

10. The costs of $476.76 in this matter consist of the cost of filing this litigation and the cost for service of the Summons and Complaint.

11. Defendant failed to submit contribution reports and to pay contributions in a timely manner.

12. Defendant's estimated unaudited amount of indebtedness is at least $21,115.56, consisting of $19,205.24 for fringe-benefit contributions for work performed from November 2019 through February 2020 and $1,910.32 in liquidated damages.

13. On November 19, 2021, Plaintiffs properly served the Summons and Complaint on Defendant by posting a copy of the summons, Complaint, and Order Granting Plaintiffs' Motions for Voluntary Dismissal and Alternative Service and Extending Summons at 209 First Street, Suite 104, Gaylord, Michigan, 49735, ECF No. 14, but Defendant failed to plead or otherwise defend as to the Complaint following service.

14. On December 22, 2021, the Clerk of this Court entered default against Defendant. ECF No. 18.

Accordingly, it is **ORDERED** that:

A. Plaintiffs are awarded Default Judgment against Defendant in the amount of $29,409.32 against Defendant Grade-Rite Excavating LLC plus interest as provided for in 28 U.S.C. §1961 from the date of entry of this Order for Amended Judgment against Defendant and Plaintiffs shall have execution therefor[1];

B. Plaintiffs may proceed to enforce the Default Judgment against Defendant immediately through applicable post-judgment remedies and proceedings supplementary to judgment, including the filing of a motion for an amended judgment against Defendant in all

---

[1] The $29,409.32 award represents $19,205.24 in estimated unpaid audited indebtedness based on work performed from November 2019 through February 2020, $2,870.66 in interest, $2,870.66 which is the greater of interest and liquidated damages and $4,462.76 in attorney's fees and costs incurred in bringing and prosecuting this present action through December 31, 2021, and all additional amounts to which Plaintiffs are entitled pursuant to 29 U.S.C. §1132(g)(2) and Plaintiffs' plan documents.

- 4 -

amounts future audits reveal as owed by Defendant, plus all additional costs, liquidated damages, interest, and attorney's fees incurred in bringing and prosecuting this action, and all additional amounts to which Plaintiffs are entitled under ERISA and Plaintiffs' plan documents;

      C.      Nothing in this Default Judgment against Defendant shall limit Plaintiffs' rights to a payroll audit for the period beginning with November 2019 and to recover any additional amounts shown due by such an audit; and

      D.      This Court shall retain jurisdiction over this matter for purposes of enforcement of the provisions of the Amended Judgment against Defendant and any further amended judgment entered in this matter.

Dated: March 2, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge